

40 Broad Street, 7th Floor<br>
New York, New York 10004<br>
Telephone: (212) 943-9080<br>
<br>
**Maura Moosnick**<br>
Partner<br>
mmoosnick@vandallp.com

September 13, 2024

<u>VIA ECF</u>

Hon. Katherine Polk Failla, U.S.D.J.
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007



Re:   *Trustees of the New York City District Council of Carpenters Pension Fund, et al. v. F&S Contracting Group, Inc., et al.,* **Case No. 23 CV 10865 (KPF)**

Dear Judge Failla:

This firm represents the Plaintiffs (or "Funds") in the above-referenced matter. We submit this letter in opposition to Defendants' Letter Motion for Preclusion and a Protective Order (ECF Doc. No. 40). Defendants raise five complicated and interconnected issues and requests for relief in their Motion. Defendants offer minimal factual and no legal support for their requests, making it challenging to fully respond without slightly exceeding the Court's three-page limit. We sincerely apologize for any inconvenience and made every effort to prioritize succinctness.

As an initial matter, Defendants' entire application falls short of the standard for a protective order pursuant to F.R.C.P. 26(c), as the Defendants do not argue, nor could they, that the requested relief will protect "from annoyance, embarrassment, oppression, or undue burden or expense." For this and the reasons set forth in greater detail below, Defendants' Motion should be denied in its entirety and Plaintiffs' related Motion to Compel should further be granted.

### I.   <u>The Complaint Was Brought in Good Faith and There is No Rule 11 Violation</u>

Defendants make the overarching claim that there was not a good faith basis to commence this action and seek various relief on this basis. *See* ECF Doc. No. 40. Plaintiffs have already detailed in their Motion to Compel the good faith basis for commencing this suit. Plaintiffs reiterate this good faith basis in additional detail for purposes of this opposition. Insofar as the suit was clearly brought in good faith, it follows that there is no Rule 11 violation.

The existence of a relationship between F&S Contracting Group, Inc. ("F&S") and T. Noble & Co., LLC ("Noble") was originally discovered in an audit of F&S covering December 28, 2020 through May 31, 2021 (the "F&S Audit"). The Plaintiffs' auditors memorialized the following in their audit notes (annexed hereto as **Exhibit 1**):

> "There were payments seen in the cash disbursements going to a company called T. Noble & Co., LLC; there were 5 payments totaling $523,146.47. T. Noble & Co., LLC appears to be a general contracting company located at the same address and also owned by Jared Warshaw. Christopher

Lyons (Controller) was asked about the payments over the phone and through several emails; however, he stated the company did not find the need to provide an explanation. Subsequently, we received an email from Laurent S. Drogin (Attorney) claiming he was retained to assist in the audit. During a conference call with Mr. Drogin, he stated that the company was 'double breasting' and that F&S Contracting Group, Inc. is the 'union' company and T. Noble & Co., LLC is the 'non-union' company performing residential work. Mr. Drogin was unable to explain the reason for the payments, and no documentation was provided to support his claims."

In the Fall of 2023, Plaintiffs conducted entity research using public records to further substantiate their allegations. For example, the N.Y.C. Department of Buildings records show that Defendants share the same owner, address, business phone number, and general liability and disability insurance policies. Jared Warshaw, the owner of both Defendants, was issued a work permit on behalf of Noble for a project where Charles Warshaw, on behalf of F&S, served as the superintendent of construction. Plaintiffs identified at least three projects on which both companies worked. A sample of this research, performed in September 2023, is attached as **Exhibit 2**.

When combined with the F&S Audit, the totality of information available to Plaintiffs at the time of filing this suit clearly correlated with numerous elements of alter-ego, single-employer, and/or double-breasted relationships between companies (*see also* Plaintiffs' Motion to Compel, ECF Doc. No. 38, detailing the legal elements of such). There is no doubt that there was a good faith basis to bring these claims in December 2023, and no Rule 11 violation can exist.

## II. The Amended Complaint Did Not Rely on Settlement Communications and There is No Basis for a Limiting Order in Connection Therewith

In both their original Complaint (ECF Doc. No. 1) and in their Amended Complaint (ECF Doc. No. 17), Plaintiffs sought an audit of Noble commencing on December 15, 2017, the standard six-year statute of limitations for their claims under ERISA. (*See* ECF Doc. No. 1, at * 8; ECF Doc. No. 17 at *11). Plaintiffs did not allege any new or additional facts in their Amended Complaint. A side-by-side comparison of the two makes this evident – something Defendants clearly failed to do before making baseless allegations of impropriety. The claim that Plaintiffs expanded the time frame or scope of their claims based on new information disclosed "for settlement purposes" is therefore plainly incorrect, and there is no basis to limit the scope of discovery.

## III. The Alleged Rule 408 Violation and Request for Preclusion is Baseless

Defendants' unfounded allegations of unethical conduct and their request to preclude evidence under Rule 403, claiming a violation of Rule 408 by Plaintiffs and/or the undersigned, amount to nothing more than an attempt to abuse the Federal Rules of Evidence. Such a shameless and desperate ploy to restrict the use of relevant, non-privileged documents, should be recognized for what it is and rejected accordingly.

Federal Rule of Evidence 408 essentially prohibits the use of compromise communications as evidence at trial. With respect to documents produced during settlement negotiations, "Courts in this Circuit, however, have rejected the argument that publicly available or otherwise discoverable evidence exchanged during settlement negotiations is inadmissible at trial." *Gabriel Bros, Inc. v. Effy Jewelers Corp.*, 2019 U.S. Dist. LEXIS 59895, *5 (S.D.N.Y. April 8, 2019). "[T]he Rule cannot be read to protect pre-existing information simply because it was presented to the adversary in compromise negotiations." *Hallmark v. Cohen & Slamowitz, LLP*, 283 F.R.D. 136, 140 (W.D.N.Y. 2012) (quoting *Ramada Development Company v. Rauch*, 644 F.2d 1097, 1107

(5th Cir. 1981)). Indeed, it would be quite the workaround if Defendants could produce damning evidence "for settlement purposes" only to later claim it is inadmissible under Rule 403/408.

Defendant has pointed to no settlement communication that Plaintiffs are offering as evidence or in support of any application. Indeed, the tax returns produced by Defendant during settlement discussions are themselves plainly relevant, responsive, not privileged, and entirely discoverable in connection with Plaintiffs' formal demands. There is therefore no basis for Defendants to seek preclusion of the tax returns, or any other protective order at this juncture.

### IV. Defendants Have Not Served Deposition Notices or Established a Basis to Compel a Deposition Each and Every Trustee

As a preliminary matter, Defendants have not served any deposition notices or subpoenas and their demand should be denied on this basis alone. Furthermore, Defendants have not provided any supporting case law to justify the undue burden of deposing each Trustee. The request is even more unjustifiable given that Plaintiffs have established there was no Rule 11 violation in bringing this suit, rendering Defendants' alleged justification for interrogating each Trustee nonexistent. Indeed, no legal or factual justification exists, as F.R.C.P. 30(b)(6) governs the deposition of Plaintiffs. *See, e.g., Trs. of the Loc. 854 Pension Fund v. Barrett*, 2024 U.S. Dist. LEXIS 160365, *3-4 (stating that the "purpose behind Rule 30(b)(6) applies equally to pension funds, corporations, and 'other entit[ies]'…. If the Rule were interpreted otherwise, then each Trustee could disclaim knowledge of matters that someone within the fund certainly has knowledge of.") Indeed, it is "for the requesting party's benefit but also for the benefit of the producing party" that "[r]ather than noticing each Trustee in an attempt to decipher which Trustee is knowledgeable on each specific issue… the Fund itself should identify which person is best suited to provide that information." *Id*.

Plaintiffs respectfully request that they be obligated to produce only one representative of the Board, subject to a formal notice for such.

### V. Plaintiffs Have Until September 23, 2024 to Respond and Object to Defendant's Tardy Discovery Demands

On August 23, 2024, Defendant F&S served its first Requests for the Production of Documents (*see* ECF Doc. No. 40, Ex. B), over 90 days after the parties' deadline to do so. On this basis alone, it is inane that the Defendants would seek to demand expedited responses, when Plaintiffs still have eleven days to timely respond to the F&S's Requests. Plaintiffs will serve their responses and objections, along with a corresponding privilege log (if any) by the September 23, 2024 deadline stated in the Requests, and if Defendants take any issue with their responses and objections, Plaintiffs will honor their obligation to engage in the regular dispute resolution process through the close of fact discovery. It is certainly not the Plaintiffs' fault that the Defendants failed to take their obligations in this case seriously until the end of August.

### VI. The Court Should Order Defendants to Respond to Plaintiffs' Requests to Admit

Lastly, Defendants improperly seek to strike Plaintiffs' Requests for Admission ("RFAs"), served on August 30, 2024,[1] based on "objections" made in an email to Plaintiffs' counsel. As stated in Rule 36, Defendants must answer the RFAs within 30 days of service, and should Defendant object, "[t]he grounds for objecting to a request must be stated" therein. Defendants'

---

[1] There was not a deadline in the discovery schedule for Requests to Admit, so Plaintiffs referred on the deadline assigned to contention interrogatories.

email discussion is not a proper response as contemplated by Rule 36. Moreover, insofar as their email is construed as a formal objection, Defendants do not object to all of the RFAs, specifically RFA Nos. 1-8, 9-15, 17, 19, 21, 24, 25, 29, and 30, and therefore are obligated to timely respond to the same, lest they be deemed admitted. Moreover, contrary to Defendants' assertion, the terms used within the RFA's are ascertainable and can be found by reference to the relevant collective bargaining agreement ("CBA").

Therefore, Plaintiffs respectfully request that this Court deny Defendants' request and order Defendants to fully answer the RFAs by September 29, 2024.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

*/s/Maura Moosnick*
By: Maura Moosnick, Esq.
40 Broad Street, 7th Floor
New York, New York 10004
(212) 943-9080
mmoosnick@vandallp.com
*Attorneys for Plaintiffs*


CC:   Failla_NYSDChambers@nysd.uscourts.gov
      *All counsel of record, via ECF*

The Court is in receipt of Plaintiffs' letter motion seeking an order compelling Defendants to supplement their responses to Plaintiffs' discovery requests (Dkt. #37), and Defendants' letter in opposition (Dkt. #38). The Court is also in receipt of Defendants' request for a conference to discuss their anticipated motion for preclusion, a protective order, and related relief (Dkt. #40), as well as Plaintiffs' above opposition (Dkt. #43).

Accordingly, the post-fact conference presently scheduled for **October 10, 2024,** at **11:00 a.m.,** is hereby converted to a pre-motion conference to discuss the issues raised in the parties' submissions. The conference will be telephonic. The dial-in information is as follows: At the scheduled date and time, the parties shall call (888) 363-4749 and enter access code 5123533.

In light of the issues raised by the parties' various submissions and the parties inability to resolve their ongoing disputes without Court interference, the Court will grant an extension of the discovery deadline to **October 31, 2024.**

The Clerk of Court is directed to terminate the pending motions at docket entries 37, 40, and 41.

Date:    September 16, 2024        SO ORDERED.
         New York, New York

                                   HON. KATHERINE POLK FAILLA
                                   UNITED STATES DISTRICT JUDGE